# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BORGO REAL ESTATE, INC.,**

    **Plaintiff,**

**-vs-**               Case No. 6:09-cv-696-Orl-22DAB

**RESORT RESIDENCES AT
WALKABOUT, LLC,**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR DEFAULT JUDGMENT (Doc. No. 8)**
>
> **FILED:**   **June 12, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, as supplemented.

   As reflected in the docket, Plaintiff filed a complaint which purported to assert claims under the Interstate Land Sales Full Disclosure Act ("ILSFDA"), with respect to an alleged 2006 agreement and alleged 2007 agreements to purchase real property (Doc. No. 1). Defendant was served and, as no response was filed, a Clerk's default was entered (Doc. Nos. 5-7). The instant motion followed.

   Upon initial review, Judge Conway found the motion insufficient to justify a default judgment (Doc. No. 11). In her Order, the Court noted the absence of an evidentiary basis for the judgment, finding that "Plaintiff has failed to establish which provisions of the Interstate Land Sales Full Disclosure Act were allegedly violated and its entitlement to the damages and fees requested." *Id*.

The Court then ordered Plaintiff to supplement its Motion by filing "(1) a memorandum of law establishing liability and its entitlement to damages, costs and fees, (2) the purchase and sale agreements, and (3) affidavits to support the interest calculation, attorneys' fees and an itemization of costs." *Id.*

Plaintiff subsequently filed a memorandum of law, with attached exhibits (including the 2006 and 2007 agreements) (Doc. No. 12) and an additional Affidavit (Doc. No. 13). The District Judge referred the matter to the undersigned and it was set for hearing (Doc. No. 15). In the Notice of Hearing, this Court advised:

> The Interstate Land Sales Full Disclosure Act, ("ILSFDA") provides for two categories of lawsuits by purchasers: actions for violations by a developer of 15 U.S.C. §§ 1703(a), see 15 U.S.C. § 1709(a), and actions "to enforce any right under subsection (b), (c), (d), or (e) of section 1703," *id.* § 1709(b). Thus, a purchaser may have either of two remedies, damages or rescission, under ILSFDA, but not both. *See Gaudet v. Woodlake Development Co.*, 413 F.Supp. 486, 490 (E.D. La. 1976); *Orsi v. Kirkwood*, 1992 WL 511406, 3 (E.D. Va.,1992), *affirmed*, 999 F.2d 86 (4th Cir. 1993). The instant complaint and papers appear to seek both damages and rescission. Counsel shall be prepared to address whether Plaintiff seeks the remedy of rescission or the remedy of damages and shall provide specific reference to statutory and other authority that supports same. In particular, if damages are sought, there must be some showing that the requested damages relate to the violations alleged in the complaint. If rescission is sought, the specific basis for such relief under the statute must be demonstrated.

(Doc. No. 15).

At hearing, Plaintiff's counsel appeared and advised that Plaintiff was seeking the remedy of rescission of the agreements, with return of the deposits, for violation of 15 U.S.C. § 1703(c) (failure to provide the required property report). With the record duly supplemented, the Court **respectfully recommends** that the motion, as amended by the additional filings and representations, be **granted, and a default judgment of rescission be entered, as set forth herein.**

The effect of the entry of a default is that all of the factual allegations in the Complaint are

taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Applied here, Plaintiff has pled that on December 30, 2006, it entered into and executed a Purchase and Sale Agreement ("2006 Agreement") with Defendant to purchase five villas (villas 17, 18, 19, 20, and 34) in the proposed community to be known as Walkabout Golf and Country Club ("WGC.") (Doc. No. 1 - Allegation 2). BORGO transferred $500,000.00 in deposit funds to Defendant for the purchase of villas 17, 18, 19, 20, and 34 (Allegation 3). Subsequently, on May 28, 2007, BORGO entered into four additional Purchase and Sale Agreements with Defendant (collectively, "2007 Agreements") to purchase one single-family residence (single 19) and three villas (villas 29, 30, and 33), and BORGO transferred $377,880.00 in deposit funds to Defendant for the purchase of the additional villas and single-family residence (Allegations 4 and 5).[1] The Complaint further alleged that Defendant and the development were "governed and subject to the rules and regulations" of ILSFDA (Allegation 18), but Defendant violated the act by failing to register WGC, and by failing to provide BORGO with a property report (*See* Allegations 11-37, specifically 20, 23, 34 and 37). By virtue of the default, these well-pled allegations are deemed admitted.

---

[1] In Affidavit, Plaintiff asserts that the properties were never built and BORGO did not close on any of them. (Doc. No. 8 - exhibit A).

As set forth by Plaintiff, ILSFDA requires developers of unimproved lands to register their projects with the Secretary of Housing and Urban Development and comply with certain regulations and requirements. 15 U.S.C. §1701 *et seq*. One of these requirements directs that before selling or leasing any lot not exempt under §1702, a developer or agent engaged in interstate land sales must first (1) file a statement of record with the Department of Housing and Urban Development ("HUD") pursuant to 15 U.S.C. §1704, and (2) provide a property report to the purchaser before he or she signs any contract or agreement pursuant to 15 U.S.C. §1703(a)(1). *See Jankus v. Edge Investors, L.P.*, 2009 WL 2849064 (S.D. Fla. August 31, 2009) (slip opinion); *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1358 (M.D. Fla. 2008), *affirmed* 306 Fed. Appx. 471 (11th Cir. 2009) (unpublished, available at 2009 WL 19340). As Plaintiff has demonstrated that the instant agreements were subject to these requirements, and that Defendant failed to comply, Plaintiff has carried its burden of establishing that the Act was violated. *See Harvey, supra*.

As Plaintiff has elected the remedy of rescission, it is **respectfully recommended** that the motion be **granted** and that the Court enter judgment rescinding the 2006 and 2007 agreements and awarding a money judgment in favor of Plaintiff and against Defendant equal to the total amount of the deposit monies ($877,880.00), plus prejudgment interest in the amount of $50,339.77.[2] Costs should be taxed by the Clerk in the usual course, upon the filing of a Bill of Costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2]*See* Doc. No. 12 at 9.

Recommended in Orlando, Florida on September 10, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy